IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 21 CV 2602 |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE OFFICER SAMANTHA GRAZZIANO, and CHICAGO POLICE OFFICER CESAR VALDEZ, | ) ) ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, JAVIER JOHNSON, by and through his attorney, BASILEIOS J. FOUTRIS, and for his Amended Complaint against the Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICER SAMANTHA GRAZZIANO, and CHICAGO POLICE OFFICER CESAR VALDEZ, states as follows:

### Nature of Action

1. This action is brought pursuant to the Laws of the United States Constitution, through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants in connection with an incident on May 25, 2020.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

4. At all relevant times, CITY OF CHICAGO was a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the CITY OF CHICAGO was

1

the employer of Defendants CHICAGO POLICE OFFICER SAMANTHA GRAZZIANO (hereafter "GRAZZIANO"), and CHICAGO POLICE OFFICER CESAR VALDEZ (hereafter "VALDEZ"). Defendants GRAZZIANO and VALDEZ were at all relevant times employed by Defendant CITY OF CHICAGO as duly appointed POLICE OFFICERS acting within the course and scope of their employment and under color of law. Defendants GRAZZIANO and VALDEZ are being sued in their individual capacities with respect to the federal claims. The state claims against CITY OF CHICAGO are being advanced both on a *respondeat superior* basis, as that Defendant is the employer of Defendants, GRAZZIANO and VALDEZ, and pursuant to Illinois' indemnification statute.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On May 25, 2020, the Plaintiff was a passenger in a car that was travelling in an alley that is parallel to Madison street in Chicago, IL. The vehicle was travelling towards Mayfield street. The Plaintiff was not violating any laws, rules, or ordinances. Additionally, at that time, there was no probable cause or reasonable suspicion to believe that the Plaintiff was violating any laws, rules, or ordinances. Similarly, the vehicle that the Plaintiff was in was not violating any laws, rules, or ordinances; and there was no probable cause or reasonable suspicion to believe that it was violating any laws, rules, or ordinances.

7. Even though there was no lawful justification for doing so, at the above-referenced date and location, a Chicago police squad car pulled over the Plaintiff's vehicle. GRAZZIANO and VALDEZ were in the squad car that pulled over the Plaintiff's vehicle.

8. GRAZZIANO is a female police officer, and VALDEZ is a male police officer.

9. After pulling over the vehicle, GRAZZIANO and VALDEZ approached the vehicle with their weapons drawn. The weapons were pointed in the Plaintiff's direction. There was no legal justification or probable cause to do so.

10. The individual Defendants directed both the Plaintiff and the driver of the vehicle to exit the vehicle. There was no probable cause or legal justification to do so. Both the Plaintiff and the driver complied with the order to exit the vehicle.

11. After exiting the vehicle, the Plaintiff was not free to go, and was eventually placed in handcuffs. At that point in time, the Plaintiff was being detained by GRAZZIANO and VALDEZ. There was no legal justification to detain the Plaintiff at that time.

12. At that point, without warning, provocation or justification, GRAZZIANO, the female police officer, hit the Plaintiff in the face with an open hand.

13. The use of force referenced above was captured on a witness' cellphone camera recording.

14. The following pictures are snapshots of the video that captured GRAZZIANO, the female officer, hitting the Plaintiff in the face:

   

15. After the Plaintiff was hit in the face, VALDEZ searched the Plaintiff's person without the Plaintiff's consent. This search included a search of the Plaintiff's crotch area. There was no legal justification or probable cause to do so.

3

16. After a period of time, the Defendants, GRAZZIANO and VALDEZ, let the Plaintiff and the driver of the vehicle leave the scene without charging either of them with any crime. The Defendants, GRAZZIANO and VALDEZ, did not create any paperwork regarding their interaction with the Plaintiff.

17. Subsequent to the incident, the Plaintiff complained of the interaction to Chicago's investigative agency – COPA. The Plaintiff provided COPA with a copy of the above-referenced video. To date, even though over a year has passed since the incident, and even though the Plaintiff being hit in the face was captured on the video provided to COPA, COPA has not completed its investigation.

18. The May 25, 2020 uses of force referenced above were done without legal justification and without probable cause. Similarly, the detention and the search of the Plaintiff on May 25, 2020 was done without legal justification and without probable cause.

19. All of the Defendants' above-referenced acts were intentional and/or willful and wanton and/or unreasonable.

**COUNT I - 42 U.S.C. §1983**
**Excessive Force – Defendant Officers**

20. The Plaintiff re-alleges Paragraphs 1 through 19, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 20.

21. As described above, GRAZZIANO and VALDEZ each used excessive, unreasonable and unwarranted force against the Plaintiff.

22. The misconduct was undertaken by GRAZZIANO and VALDEZ under color of law, under the course and scope of their employment, was objectively unreasonable and/or with

4

malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

23. The acts of GRAZZIANO and VALDEZ were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

24. As a direct and proximate result of the acts of GRAZZIANO and VALDEZ, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JAVIER JOHNSON, prays for judgment in his favor and against the Defendants, CHICAGO POLICE OFFICER SAMANTHA GRAZZIANO, and CHICAGO POLICE OFFICER CESAR VALDEZ, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### COUNT II - 42 U.S.C. §1983
### Unlawful Detention – Defendant Officers

25. The Plaintiff re-alleges Paragraphs 1 through 24, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 25.

26. As described above, GRAZZIANO and VALDEZ each unreasonably seized and/or unlawfully detained the Plaintiff's person.

27. The misconduct was undertaken by GRAZZIANO and VALDEZ under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

28. The acts of GRAZZIANO and VALDEZ were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

29. As a direct and proximate result of the acts of GRAZZIANO and VALDEZ, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JAVIER JOHNSON, prays for judgment in his favor and against the Defendants, CHICAGO POLICE OFFICER SAMANTHA GRAZZIANO, and CHICAGO POLICE OFFICER CESAR VALDEZ, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT III - 42 U.S.C. §1983
### Unlawful Search – CHICAGO POLICE OFFICER CESAR VALDEZ

30. The Plaintiff re-alleges Paragraphs 1 through 29, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 30.

31. As described above, VALDEZ searched the Plaintiff without his consent or legal justification, and in an unreasonable manner.

32. The misconduct was undertaken by VALDEZ under color of law, under the course and scope of his employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

33. The acts of VALDEZ were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

34. As a direct and proximate result of the acts of VALDEZ, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JAVIER JOHNSON, prays for judgment in his favor and against the Defendant, CHICAGO POLICE OFFICER CESAR VALDEZ, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

### COUNT IV – Illinois State Law
### *Respondeat Superior* Battery – City of Chicago

35. The Plaintiff re-alleges Paragraphs 1 through 34, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 35.

36. As described above, Defendants, CITY OF CHICAGO, by and through its employees, GRAZZIANO and VALDEZ, who were acting in the course and scope of their employment, intended to cause, and did cause, harmful and/or offensive contact of the Plaintiff without legal justification and/or probable cause.

37. As a proximate result of the aforementioned intentional, harmful and/or offensive conduct of Defendant, CITY OF CHICAGO, by and through its employees, GRAZZIANO and VALDEZ, who were acting in the course and scope of their employment, the Plaintiff was injured; has endured and will in the future endure physical and emotional pain and suffering; has become disfigured and disabled; has suffered a loss of his normal life and/or disability; and has incurred and will in the future incur expenses for hospitalizations, medical care, rehabilitative care and other related medical costs.

38. The above-referenced misconduct was undertaken by GRAZZIANO and VALDEZ under color of law and under the course and scope of their employment, and was undertaken intentionally. Pursuant to the doctrine of *respondeat superior*, as the employer of Defendants, GRAZZIANO and VALDEZ, the CITY OF CHICAGO is liable to the Plaintiff for the Defendants', GRAZZIANO and VALDEZ, actions/interaction with the Plaintiff, as outlined above.

WHEREFORE, the Plaintiff, JAVIER JOHNSON, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO, awarding compensatory damages and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

### COUNT V – Illinois State Law
### *Respondeat Superior* False Detention/Arrest – City of Chicago

39. The Plaintiff re-alleges Paragraphs 1 through 38, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 39.

40. As described above, Defendant, CITY OF CHICAGO, by and through its employees, GRAZZIANO and VALDEZ, who were acting in the course and scope of their employment, detained and/or arrested the Plaintiff, or caused the Plaintiff to be detained and/or arrested, without a warrant, without probable cause and without legal justification. Due to the detention and/or arrest, the Plaintiff had his liberty to move about restrained by the Chicago employees.

41. As a proximate result of the aforementioned intentional, harmful and/or offensive conduct of Defendant, CITY OF CHICAGO, by and through its employees GRAZZIANO and VALDEZ, who were acting in the course and scope of their employment, the Plaintiff was injured; has endured and will in the future endure physical and emotional pain and suffering; has become

disfigured and disabled; has suffered a loss of his normal life and/or disability; and has incurred and will in the future incur expenses for hospitalizations, medical care, rehabilitative care and other related medical costs.

42. The above-referenced misconduct was undertaken by GRAZZIANO and VALDEZ under color of law and under the course and scope of their employment, and was undertaken intentionally. Pursuant to the doctrine of *respondeat superior*, as the employer of Defendants GRAZZIANO and VALDEZ, CITY OF CHICAGO is liable to the Plaintiff for the Defendants', GRAZZIANO and VALDEZ, actions/interaction with the Plaintiff, as outlined above.

WHEREFORE, the Plaintiff, JAVIER JOHNSON, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO, awarding compensatory damages and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

### Count VI - Illinois State Law
### Indemnification - City of Chicago

43. The Plaintiff re-alleges Paragraphs 1 through 42, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 43.

44. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

45. At all relevant times the CITY OF CHICAGO was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, JAVIER JOHNSON, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, CITY OF CHICAGO, in the amounts awarded to the Plaintiff against the Defendants, CHICAGO POLICE OFFICER SAMANTHA GRAZZIANO,

and CHICAGO POLICE OFFICER CESAR VALDEZ, and for whatever additional relief this Court deems just and appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200
bfoutris@foutrislaw.com

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys of record herein, certifies that a copy of the foregoing **AMENDED COMPLAINT** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System on the 27th of July 2021, which will send notification of such filing to: Nicholas Peluso at Nicholas.Peluso@cityofchicago.org; Joi Kamper at Joi.Kamper@cityofchicago.org; and Danielle Alvarez at Danielle.Alvarez1@cityofchicago.org.

      s/Basileios J. Foutris
      BASILEIOS J. FOUTRIS
      Attorney for Plaintiffs
      FOUTRIS LAW OFFICE, LTD.
      53 W. Jackson, Suite 252
      Chicago, IL 60604
      (312) 212-1200
      bfoutris@foutrislaw.com